UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                  Criminal No. 14-cr-101-JD
                                         Opinion No. 2020 DNH 203
Eric Lord


O R D E R


Eric Lord moves pursuant to 18 U.S.C. § 3582(c)(1)(A) to have his sentence reduced to time served based on the combined effect of his medical conditions and the risks presented by the COVID-19 pandemic.[1]  The government objects to relief under § 3582(c)(1)(A).  United States Probation and Pretrial Services has filed a report.


Standard of Review

A defendant may file a motion in court for a reduced sentence under § 3582(c)(1)(A) in certain circumstances.  The defendant must have "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or, thirty days must have passed since the warden at the defendant's facility received the defendant's request without a response.  Id.  If a defendant has satisfied

---

[1] After Lord filed a pro se motion, counsel was appointed to represent him, and counsel filed a supplemental motion.

the administrative exhaustion requirement, the court may reduce
a term of imprisonment based on a finding that "extraordinary
and compelling reasons warrant such a reduction" and "after
considering the factors provided in [18 U.S.C. §] 3553(a) to the
extent that they are applicable."  § 3582(c)(1)(A).  The statute
also directs consideration of whether the requested "reduction
is consistent with applicable policy statements issued by the
Sentencing Commission."  § 3582(c)(1)(A).

The applicable policy statement is United States Sentencing
Guidelines § 1B1.13.  That guidance provides that a defendant's
term of imprisonment may be reduced if extraordinary and
compelling reasons warrant the reduction or the defendant meets
the age and time-served requirements and the defendant is not "a
danger to the safety of any other person or to the community"
and the reduction is consistent with the policy statement.  See
United States v. Jones, 2020 WL 6205783, at *2 (D. Mass. Oct.
22, 2020).  Application Note 1 to U.S.S.G. § 1B1.13 provides
additional guidance as to when an extraordinary and compelling
reason to reduce a defendant's sentence may exist.  Those
reasons include medical conditions, age, family circumstances,
and extraordinary and compelling reasons "other than, or in
combination with, the reasons described."  BOP Program Statement
5050.50 also provides guidance as to when post-sentencing

2

developments, medical conditions, age, and family circumstances
will support a motion for sentence reduction under §
3582(c)(1)(A).  Program Statement No. 5050.50, Compassionate
Release/Reduction in Sentence: Procedures for Implementation of
18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019),
www.bop.gov/policy/progstat/5050_050_EN.pdf.


## Background

    Eric Lord pleaded guilty to bank robbery and was sentenced
to 120 months in prison with three years of supervised release.
Judgment was entered on February 17, 2015.  His anticipated
release date is August 22, 2023.  He is currently serving his
sentence at Federal Correctional Institution – Allenwood ("FCI
Allenwood") in White Deer, Pennsylvania.

    The robbery for which Lord was convicted occurred on
February 21, 2014, the day after Lord was released on parole
from the New Hampshire State Prison.  Lord entered the TD Bank
in New Ipswich, New Hampshire, and handed a teller a note
demanding $4,000.00 and saying that he had a gun.  Lord was
arrested on February 23.

    Lord has an extensive criminal record with many charges of
theft and burglary.  He also has many parole violations.  He has
a longstanding drug addiction problem.  His criminal history

score was calculated to be 11, and he is a career offender.  The BOP has assessed Lord to be at the medium risk of recidivism level.

Lord is forty-nine years old.  He has type II diabetes, which is treated with insulin, and he has hypertension, which is treated with medication.  Despite treatment, Lord's diabetes is not well controlled.

Lord states that he tested positive for COVID-19 on September 29, 2020.  He was asymptomatic and was surprised by the test result.  His cellmate was removed, but Lord was not moved to the Secure Housing Unit as was done with other inmates who had positive tests.  A new cellmate arrived less than ten days after the test.  He has not been retested.

Lord has not received any disciplinary reports while in prison.  He has completed a drug treatment program.  He has also participated in classes in prison.

Lord represents that because of the COVID-19 pandemic, he is experiencing changed conditions of confinement that were not anticipated by the court when he was sentenced.  He states that he has a heighted fear of infection, has been unable to exercise or eat a healthy diet, has been unable to have contact with his family, has limited interactions with other inmates, and cannot participate in work programs or rehabilitation.

4

The probation officer also reviewed Lord's proposed plan if he were released.  He proposes to live with his father, David Lord, in Greenville, New Hampshire.  The probation officer reports that in the presentence investigation interview Lord said that his father abused him during his childhood and that he was hospitalized on multiple occasions because of physical injuries due to abuse.  The probation officer talked with David Lord and confirmed that he agreed to have his son live at his house.  Counsel on Lord's behalf states that Lord has had communication with a possible employer, who is a former inmate, if he were released.

## Discussion

In support of his motion for a reduction in his sentence, Lord contends that his health conditions in combination with the COVID-19 pandemic provide an extraordinary and compelling reason to reduce his sentence.  He also argues that the sentencing factors under § 3553(a) support a reduction of his sentence. The government does not dispute that Lord has raised an extraordinary and compelling reason for sentence reduction but contends that the sentencing factors preclude that result.

A.  Administrative Exhaustion; Extraordinary and Compelling
    Reason

     The government does not dispute that Lord's medical
conditions could cause an increased risk of serious illness or
death if he were to contract COVID-19, which provides an
extraordinary and compelling reason in support of his motion.[2]
The government also does not dispute that Lord has exhausted
administrative remedies.  Therefore, those matters need not be
addressed further.


B.  Sentencing Factors under § 3553(a)

     Section 3553(a) states that the "court shall impose a
sentence sufficient, but not greater than necessary, to comply
with the purposes" provided in § 3553(a)(2), and lists factors
for determining an appropriate sentence.  The first two factors
are particularly pertinent for purposes of this motion.[3]  The
first factor directs the sentencing court to consider "the

----

     [2] The government acknowledges Lord's positive COVID-19 test
in September and states that the test result and his diabetes
put him at high risk for serious illness.  Doc. no. 26, at 1,
n.3.

     [3] The third factor directs consideration of "the kinds of
sentences available;" the fourth and fifth factors focus on the
Sentencing Guidelines; the sixth factor addresses "the need to
avoid unwarranted sentence disparities;" and the seventh factor
directs courts to consider the defendant's restitution
obligations.

nature and circumstances of the offense and the history and
characteristics of the defendant." § 3553(a)(1).  The second
factor focuses on the purposes of sentencing, including:
the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to
> promote respect for the law, and to provide just
> punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the
> defendant; and
> (D) to provide the defendant with needed educational
> or vocational training, medical care, or other
> correctional treatment in the most effective manner.

§ 3553(a)(2).

The court considered the § 3553(a) factors when Lord was
sentenced to 120 months in prison, which was an appropriate
sentence for his serious crimes and in light of his extensive
criminal history.  While Lord has shown risks associated with
the COVID-19 pandemic, which is an intervening change in the
circumstances related to sentencing, he has not shown that the
sentencing factors support a reduction in his sentence.  Lord's
crime of conviction, committed one day after he was released
from prison, combined with his criminal record, including his
repeated parole violations, weigh heavily against a reduction in
his sentence.  The risk of recidivism is considered by the court
to be a significant aggravating factor.

Lord also argues that changes in the conditions of his confinement in response to the pandemic support a reduction in his sentence.  Although a few courts have considered the conditions of an inmate's confinement in deciding motions under § 3582(c)(1)(A), the particular circumstances that existed in those cases do not apply here.  In United States v. Macfarlane, 438 F. Supp. 3d 125, 127 (D. Mass. 2020), the court reduced a six-month sentence to time served based on crediting two weeks of solitary quarantine time as two months of prison time.  In United States v. Indarte, 2020 WL 6060299, at *4 (W.D. Ind. Oct. 14, 2020), the inmate was elderly and had only eight months left to serve on his sentence.

The conditions of confinement that Lord describes are not unique to him and instead have been imposed generally for the safety of inmates and staff because of the pandemic.  In contrast to the cited cases, Lord has a lengthy sentence and has served only slightly more than half of his time.  Therefore, Lord's conditions of confinement do not support a reduction in his 120-month sentence.

Conclusion

For the foregoing reasons, the defendant's motion for reduction of his sentence (document no. 23) and the supplemental motion (document no. 25) are denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

November 23, 2020

cc: Counsel of record.